Charles R. Penot, Jr.
Texas State Bar No. 24062455
**The Law Offices of Charles Penot, a PLLC**
3131 McKinney Avenue, Suite 600
Dallas, Texas 75204
Telephone:  214-643-6184
Facsimile:  214-865-6467
cpenot@penotlaw.com

ATTORNEY FOR ADVERSARY PROCEEDING
PLAINTIFF, FUTURE WORLD ELECTRONICS, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| Bart Arek Schnell (xxx-xx-2968), | * | Case No.:  14-41478 |
| 13516 Stanmere Drive, Frisco, TX 75035, | * | |
| and Stephanie Marie Schnell (xxx-xx-6465), | * | |
| 13516 Stanmere Drive, Frisco, TX 75035 | * | Chapter 7 |
| | * | |
| *Debtors* | * | |
| | * | |
| Future World Electronics, LLC | * | |
| | * | Adversary No.: 14-4081 |
| *Plaintiff* | * | |
| | * | |
| v. | * | |
| | * | |
| Bart Arek Schnell | * | |
| | | |
| *Defendant* | | |

**FUTURE WORLD ELECTRONICS, LLC'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Future World Electronics, LLC ("Future World"), through undersigned counsel, moves the Court for summary judgment against Defendant Bart Arek Schnell ("Schnell") and respectfully shows the Court as follows:

1

## I. Statement of Issues

This motion addresses the following issues to be decided by this Court: (a) whether a judgment signed by the United States District Court for the Northern District of Texas and entered on December 9, 2013 (the "Judgment" attached hereto as Exhibit A-2) estops Schnell, under the doctrines of res judicata and collateral estoppel, from contesting that Schnell committed willful copyright infringement; (b) whether Schnell's willful copyright infringement was "willful and malicious injury" to Future World within the meaning of 11 U.S.C. § 523(a)(6), thus rendering the Judgment non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

## II. Introduction

Plaintiff Future World Electronics, LLC ("Future World") submits this combined Motion for Summary Judgment and supporting Memorandum of Law against Bart Arek Schnell ("Schnell") claiming that a $153,480.60 judgment in favor of Future World against Schnell for willful copyright infringement is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6). Future World submits the following reasons in support thereof:

## III. Undisputed Material Facts

The United States District Court for the Northern District of Texas (the "Trial Court") entered a judgment on December 3, 2013 finding Over Drive Marketing, LLC ("Over Drive") liable for willful copyright infringement and awarded Future World $82,500 in statutory damages and $70,980.60 in costs and attorney's fees. *See* Exhibit A-1 at p.4 (hereafter the "Damages Award"). In the Damages Award, the Trial Court based its award on "Plaintiff's reasonable and arguably conservative estimate of the extent of infringement, which includes anywhere from 40,000 to 25,000,000 copies of the Infringing Work." Damages Award at p.2.

2

Then, on December 9, 2013, the United States District Court for the Northern District of Texas entered the Judgment finding Schnell jointly and severally liable to Future World, along with Over Drive, for willful[1] copyright infringement, $82,500 in statutory damages, and $70,980.60 in costs and attorney's fees. *See* Judgment at p. 7. Furthermore, the Judgment found that Schnell expressed a "total disregard for the Court – even in the face of extreme sanction;" that Schnell's "outright defiance warrants the harshness of a default judgment;" and, that "default judgment is proper." Judgment at pp. 5-6.

IV. Law and Argument

Though many debts are dischargeable in bankruptcy, the bankruptcy code provides for exceptions. One such exception, described in 11 U.S.C. § 523(a)(6), is for debts arising from "willful and malicious injury by the debtor to another entity or to the property of another entity . . . ." The Fifth Circuit has held that an act that causes "an injury is willful and malicious where there is either an objective substantial certainty of harm or a subjective motive to cause harm." *In re Miller*, 156 F.3d 598, 606 (5th Cir. 1998); *see also In re Keaty*, 397 F.3d 264, 270 (5th Cir. 2005). In other words, if a "[debtor-defendant's] actions were at least substantially certain to result in injury to [the Plaintiff], then the debt is non-dischargeable." *Miller*, 156 F.3d at 606. Notably, willful copyright infringement "necessarily qualifies as an act committed with the intent to cause injury: since copyright infringement is a categorically harmful activity, harm is certain to follow." *American Registry of Radiologic Technologists v. Bennett*, 2013 WL 4520533 (W.D. Tex. Aug 26, 2013) (citing *In re Braun*, 327 B.R. 447, 451 (Bankr. N.D. Cal 2005); *In re Smith*, 2009 WL 7809005, at *9 (9th Cir. BAP Dec 17, 2009)). Because the Trial

---

[1] Not only did the Trial Court find Schnell and Over Drive jointly and severally liable for <u>willful</u> copyright infringement, but the Trial Court also expressly ruled on the issue. *See* Exhibit A-3, at p.8, n.4 ("the Court finds that

3

Court found Schnell liable for willful copyright infringement, there are no remaining issues to litigate, and the Court should grant Future World's Motion for Summary Judgment.

In addition to the above, Schnell is precluded by the Judgment and the Damages Award, under the doctrines of res judicata and collateral estoppel, from contesting that the injuries he caused Future World through his actions were willful. *See, e.g., In re Montgomery*, 200 Fed. Appx. 320 (5th Cir. 2006) ("The doctrine of collateral estoppel applies in discharge proceedings pursuant to § 523(a) . . . [a]nd, the doctrine applies to a default judgment.") (affirming application of res judicata to a default judgment and finding debtor precluded from arguing contrary to default judgment); *see also In re Horne*, 2012 WL 3023968 (Bankr. E.D. Tex., April 11, 2012) (applying res judicata, noting that the only question for the court to decide was whether the earlier judgment could establish willful and malicious injury as a matter of law – which it did).[2] Indeed, as noted above, the Judgment specifically found Schnell liable for *willful* copyright infringement, an act which "necessarily qualifies as an act committed with the intent to cause injury" and is therefore willful and malicious within the meaning of 11 U.S.C. § 523(a)(6). Therefore, the Court should not discharge Schnell's debt to Future World, and Schnell simply cannot argue otherwise. Thus, the Court should grant Future World's Motion for Summary Judgment.

---

there is credible evidence from which to infer willful infringement.").

[2] In the District Court, Schnell and Over Drive, were originally represented by counsel and filed an answer. It was only after Schnell became unresponsive to his counsel, his counsel withdrew, the Court ordered Schnell to appear, and Schnell disregarded multiple federal court orders, did the Court strike the answers and enter a default. Even so, the Court held a hearing and took evidence on the issue of statutory damages, attorneys' fees, and costs for willful infringement. Exhibit A-2 at 2-3; Exhibit A-1 at 1-2; and Exhibit A-3 at 8-9.

## Relief Requested

For the foregoing reasons, Future World respectfully requests that this Motion for Summary Judgment be granted and that Schnell's debt, as reflected in the Judgment (including, without limitation, post-judgment interest as awarded by the Trial Court) be declared not dischargeable.

Respectfully submitted,

/s/ *Charles R. Penot, Jr.*
Charles R. Penot, Jr.
Texas State Bar No. 24062455
The Law Offices of Charles Penot, a PLLC
3131 McKinney Avenue, Suite 600
Dallas, Texas 75204
Telephone:  214-643-6184
Facsimile:  214-865-6467
cpenot@penotlaw.com

*Attorney for Future World Electronics, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, "Future World Electronic, LLC's Motion for Summary Judgment" has been delivered to counsel of record for defendant Mark S. Toronjo, via the Court's CM/ECF transmission facilities this 7th day of May, 2015.

/s/ *Charles R. Penot, Jr.*
Charles R. Penot, Jr.