IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| Bart Arek Schnell (xxx-xx-2968), | * | Case No.: 14-41478 |
| 13516 Stanmere Drive, Frisco, TX 75035, | * | |
| and Stephanie Marie Schnell (xxx-xx-6465), | * | |
| 13516 Stanmere Drive, Frisco, TX 75035 | * | Chapter 7 |
| | * | |
| *Debtors* | * | |
| Future World Electronics, LLC | * | Adversary No.: 14-4081 |
| | * | |
| *Plaintiff* | * | |
| | * | |
| v. | * | |
| | * | |
| Bart Arek Schnell | | |
| | | |
| *Defendant* | | |

# EXHIBIT "A-2"
# TO
# FUTURE WORLD ELECTRONICS, LLC'S
# MOTION FOR SUMMARY JUDGMENT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FUTURE WORLD ELECTRONICS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:12-CV-2124-B |
| OVER DRIVE MARKETING, LLC and BART SCHNELL, | § § § § | |
| Defendants. | § § | |

## ORDER FOR ENTRY OF DEFAULT, DEFAULT JUDGMENT, AND FINAL JUDGMENT AGAINST BART SCHNELL

On November 22, 2013, the Court ordered (doc. 57) Defendant Bart Schnell to show cause by December 6, 2013 why he failed to comply with the Court's previous order (doc. 54) to appear at a hearing. The Court warned Defendant that failure to comply would result in default judgment against him. The deadline to show cause has passed, and Defendant has not filed anything with the Court. Accordingly, the Court orders the Clerk of the Court to enter default and further orders judgment against him as follows.

### I.

### BACKGROUND

A.   *Factual History*

Plaintiff Future World Electronics, LLC ("Future World") is a Louisiana Limited Liability Company that creates advertising materials for the automotive direct marketing industry. Compl. 2-3. In particular, it created an advertising material entitled *Seize the Opportunity - Template - Version I* (the "Original Work"). *Id.* at 3. Pursuant to its copyright, Future World retains exclusive rights to

- 1 -

Exhibit A-2

reproduce, prepare derivative works, and to distribute the Original Work to the public. *Id.*

Defendant Over Drive Marketing, LLC ("Over Drive") is a Texas Limited Liability Company. *Id.* at 2. Defendant Bart Schnell is the sole member, sole director, manager, and president of Over Drive. Pl.'s Mot. Summ. J. Exs. A, B. It is alleged that Bart Schnell had knowledge of and controlled Over Drive's creation, copying, use, and distribution of infringing materials in this case, namely the distribution and sale of illegal copies of the Original Work throughout Indiana. Compl. 4.

B.   *Procedural History*

After months of attempting to settle with Defendants, Future World brought the above-captioned case against Over Drive and Bart Schnell, on July 3, 2012, alleging copyright infringement, unfair competition, and unfair trade practices. After the Court granted four separate requests for extensions of time to respond, Defendants finally filed their Answer (doc. 15) on September 28, 2012. On April 16, 2013, counsel of record for Over Drive and Schnell filed a motion to withdraw (doc. 35) because Defendants ceased communicating with them. Doc. 35, ¶ 1. The Court granted the motion on April 17, 2013 (doc. 38), and ordered Over Drive either to notify the Court of its new counsel by May 2, 2013, or be placed in default. Over Drive failed to comply with the Court's order, and Future World filed its Request for Entry of Default (doc. 41) against Over Drive on May 3, 2013. The Clerk of Court entered default (doc. 42) that same day.

Since the Clerk's entry of default, neither Over Drive nor Schnell has made an appearance with the Court or communicated with Future World's counsel. As a result, Future World moved for summary judgment against Schnell (doc. 47) and for default judgment against Over Drive (doc. 48). On November 5, 2013, the Court granted in part and denied in part Future World's motion for default judgment against Over Drive. Doc. 53. On that same day, the Court ordered all parties to

attend a hearing on November 22, 2013, in order to discuss Future World's request for statutory damages and attorneys' fees and costs. Doc. 54. Only Future World's counsel appeared. The Court subsequently entered final judgment against Over Drive and ordered it to pay Future World $82,500.00 in statutory damages, $70,980.60 in attorneys' fees and costs, and post-judgment interest on both amounts. Doc. 59.

Separately, the Court ordered Defendant Schnell to show cause in writing by December 6, 2013, why he failed to comply with the Court's directive to appear at the damages hearing, or risk default judgment against him. Doc. 57. As of today, Schnell has failed to file anything with the Court or otherwise respond to the Court's order. Accordingly, the Court rules as follows.[1]

## II.

## LEGAL STANDARDS

A.   *Default Judgment*

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the Court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. Fed. R. Civ. P. 55(b)(2). The Court may even enter default judgment *sua sponte* under proper circumstances. *Flaksa v. Little River Marine Const. Co.*, 389 F.2d 885, 887 (5th Cir. 1968)(collecting cases). Indeed within the Court lies its inherent power to "enforce its rules, orders or procedures, and to impose appropriate sanctions for failure to comply." *Link v. Wabash R. Co.*, 291 F.2d 542, 545 (7th Cir. 1961), aff'd 370 U.S. 626 (1962).

In determining whether a default judgment should be entered against a defendant, courts

---

[1] In light of the Court's present ruling, Future World's Motion for Summary Judgment Against Bart Schnell (doc. 47), still pending before the Court, is hereby rendered moot.

Exhibit A-2

have developed a two-part analysis. *See, e.g., Ins. Co. of the W. v H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *2-3 (S.D. Tex. Oct. 5, 2011). First, the Court must consider whether the entry of default judgment is appropriate under the circumstances. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The factors relevant to this inquiry include: (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the Court would think itself obliged to set aside the default on the defendant's motion. *Id.* Second, the Court must assess the merits of the plaintiff's claims and find sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr.*, 515 F.2d at 1206. Although the defendant may be in default, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

## III.

## ANALYSIS

A.   *Entry of Default*

Though Rule 55(a) gives the clerk authority to enter a default, it is no limitation on the power of the court to do so as well. 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2682 (3d ed. 2013). Indeed, "a trial judge, responsible for the orderly and expeditious conduct of litigation, must have broad latitude to impose the sanction of default for non-attendance . . . ." *Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61, 64 (2d. Cir. 1986) (entering default after defendant's counsel failed to attend resumption of bench trial); *see also Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 918 (3d Cir. 1992) (affirming entry of default where defendants failed to comply with "unambiguous orders to obtain substitute counsel, file pretrial memorandum, and respond to discovery requests"). Since the withdrawal of his attorney in April 2013, Defendant

Schnell has failed to participate in this matter. This has included failing to respond to Plaintiff's Motion for Partial Summary Judgment (doc. 47) against him and, more critically, failing to comply with two orders of the Court, one of which required attendance at a hearing. Docs. 54, 57. In light of his ongoing indifference to the case, the Court warned Schnell in its show cause order that noncompliance would result in default judgment against him. Doc. 57. Nevertheless, Schnell failed to comply. Given this total disregard for the Court–even in the face of extreme sanction, the Court hereby **STRIKES** Defendant's Answer (doc. 15)[2] and further **ORDERS** the Clerk of the Court to enter default against him.

B.      *Whether Default Judgment is Appropriate*

"It is well established that the district court has the authority to dismiss or to enter default judgment, depending on which party is at fault, for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure." *Flaksa*, 389 F.2d at 887. This power may even be exercised *sua sponte* under proper circumstances. *Id.* The Court finds that default judgment is appropriate here. First, in light of the Court's decision to strike his Answer, Schnell has failed to file any responsive pleadings in this case. Consequently, there are no material issues of fact. *See Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact."). Second, Schnell's continued unwillingness to participate in this matter–including to comply with the Court's orders–"threatens to bring this adversary process to a halt," thereby prejudicing Future World's interests. *Ins. Co. of the W.*, 2011 WL 4738197, at *3. Given that Schnell has failed to comply with two orders, including one that explicitly warned of default judgment, there is nothing to suggest that his noncompliance was caused by a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Indeed, his outright

---

[2] The Court recognizes the Answer was already stricken with respect to Over Drive. Doc. 53.

- 5 -

defiance warrants the harshness of a default judgment. *Id.* Finally, there does not appear to be any "good cause" to set aside the default (if challenged) because Schnell was properly served and has failed to comply with the Court's directives. *See id.* Therefore the Court concludes that default judgment is proper.

C.    *Whether There is a Sufficient Basis for Judgment in the Pleadings*

After determining that default is appropriate, the Court must next assess Future World's claims to determine whether there is a proper basis for relief. *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover."). The Court has already determined that Future World adequately pleaded a claim for willful copyright infringement against Over Drive. Doc. 53 at 6. Thus, the only question is whether Schnell should be held accountable for this infringement as well. "[A] corporate officer will be liable as a joint tortfeasor with the corporation in a copyright infringement case where the officer has the dominant influence in the corporation, and determined the policies which resulted in the infringement." *Crabshaw Music v. K-Bob's of El Paso, Inc.*, 744 F. Supp. 763, 767 (W.D. Tex. 1990) (internal quotation marks omitted). In addition, "one may be held vicariously liable if he has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities." *Id.* at 768 (internal quotation marks omitted).

By virtue of his default, Schnell has admitted to being the sole member, manager, president, and director of Over Drive. He has further conceded that he knew of and controlled Over Drive's creation, copying, distribution, and use of the Infringing Work. Compl. 4, ¶ 17. Thus, he had the authority and influence within the corporation to expose himself to liability for Over Drive's act of infringement. Therefore the Court finds there is a sufficient basis for judgment in the pleadings and **ORDERS** Schnell held jointly and severally liable for the willful infringement of Future World's

Original Work.

D.  *Damages*

"A defendant's default concedes the truth of the allegations of the Complaint concerning the defendant's liability, but not damages." *Ins. Co. of the W.*, 2011 WL 4738197, at *4 (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 524-25 (5th Cir. 2002)). Normally damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

In the present case, the Court has already held a damages hearing, which Over Drive failed to attend. As a result, the Court relies on those sums it previously awarded Future World for its present ruling. Thus, Schnell is jointly and severally liable for $82,500.00 in statutory damages, $70,980.60 in attorneys' fees and costs, and post-judgment interest on both amounts. Doc. 59.

IV.

CONCLUSION

Because Schnell has failed to comply with the Court's orders, the Court **STRIKES** his Answer (doc. 15). It further **ORDERS** the Clerk of the Court to enter default against him. Finally, the Court finds that default judgment is appropriate and that Schnell should be held jointly and severally liable for the **$82,500.00** in statutory damages, **$70,980.60** in attorneys' fees and costs, and **post-judgment interest** previously awarded to Future World.

SO ORDERED.

SIGNED: December 9, 2013.

Exhibit A-2

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE