IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| Bart Arek Schnell | * | Case No.: 14-41478 |
| And Stephanie Marie Schnell | * | |
| | * | |
| *Debtors* | * | Chapter 7 |
| | * | |
| Future World Electronics, LLC | * | |
| | * | |
| *Plaintiff* | * | |
| | * | Adversary No.: 14-4081 |
| v. | * | |
| | * | |
| Bart Arek Schnell | * | |
| | * | |
| *Defendant* | * | |

**FUTURE WORLD ELECTRONICS, LLC'S**
**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Future World Electronics, LLC ("Future World") respectfully submits this Reply in support of its Motion for Summary Judgment (Doc. 14, the "MSJ") in order to address certain issues raised in the Opposition to Motion for Summary Judgment (Doc. 16, the "Opposition") filed by Defendant Bart Arek Schnell ("Schnell"). The Opposition states incorrect legal standards, inappropriately applies to facts to such standards, and makes an unwarranted objection to Future World's statements in the MSJ.

1. **Schnell incorrectly suggests that the Trial Court[1] applied a "recklessness" standard.**

Schnell argues that this Court should discharge his debt to Future World because the Trial Court applied a "recklessness" standard in finding willful copyright infringement. Generally, recklessness is found where a person knows about a risk of harm, but fails to take steps to prevent such harm. *See, e.g.*, Restatement (Third) of Torts: Phys. & Emot. Harm § 2 (2010). The Trial Court did not apply a recklessness standard. In the Fifth Circuit, a defendant commits

---

[1] Capitalized terms not defined herein shall have the meaning assigned to them in the MSJ.

1

willful copyright infringement if he "knows his actions constitute an infringement." *EMI April Music, Inc. v. Jet Rumeurs, Inc.*, 632 F. Supp. 2d 619, 625 (N.D. Tex. 2008) (quoting *Broad. Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233 (5th Cir. 1988)). The Trial Court clearly applied the knows-his-actions-constitute-an-infringement standard. *See* MSJ Exhibit A-3 at p.9 n.4 (Memorandum Opinion and Order at p.8 n.4) (noting the Fifth Circuit standard, factors indicative of willfulness, and analogizing Over Drive's actions (which Schnell controlled) to the factors indicative of willfulness).

By contrast, plaintiffs in the Ninth Circuit—Schnell relies extensively on the Ninth Circuit case of *In re Barboza*, 545 F.3d 702 (9th Cir. 2008)—can prove willful infringement either through awareness of infringing activity or reckless disregard for the copyright owner's rights. *See Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 674 (9th Cir. 2012). In line with the Ninth Circuit's standard, the trial court in *Barboza* instructed the jury that willfulness could be proven "by a preponderance of the evidence that the Defendants knew that they were infringing the Plaintiff's copyrights *or that they acted with reckless disregard* as to whether they were doing so." *Barboza* at 705 (emphasis added). Thus, the *Barboza* appeals court found the jury's findings to be ambiguous and reversed summary judgment for further proceedings. Because the Trial Court applied the "know[ledge]-his-actions-constitute-an-infringement" test and did not even consider[2] a recklessness standard, *Barboza* is clearly distinguishable from the present case. The Trial Court found that Schnell knew his actions constituted copyright infringement, but that he infringed anyway.[3]

---

[2] Nowhere in the judgments against Schnell and Over Drive does the Trial Court even mention recklessness. Therefore, Schnell's assertion that the Trial Court applied a "recklessness" standard is completely without merit.

[3] Courts in the Fifth Circuit also recognize that copyright infringement is considered an intentional tort. *See, e.g., Rhapsody Solutions, LLC v. Cryogenic Vessel Alternatives, Inc.*, 2013 WL 820589, at *4 (S.D. Tex. Mar. 5, 2013).

Barboza may also be distinguished from the present case for another reason: the Ninth Circuit and the Fifth Circuit have different standards for proving willful and malicious injury. In the Ninth Circuit, courts must separately analyze both willfulness and maliciousness. *See Barboza* at 711 (citing *In re Su*, 290 F.3d 1140 (9th Cir. 2002)). The Fifth Circuit, however, holds that "an injury is 'willful and malicious' where there is *either* an objective substantial certainty of harm *or* a subjective motive to cause harm." *In re Miller*, 156 F.3d 598, 606 (5th Cir. 1998) (emphasis added). Thus, in the Fifth Circuit, a debt can be found nondischargeable on *either* an objective *or* a subjective standard. In the Ninth Circuit, both prongs must be met.

**2. Schnell cites the wrong standard for collateral estoppel. Furthermore, the Trial Court's record establishes sufficient facts to except the debt from discharge.**

Schnell argues that the law requires (1) that Future World show that the Trial Court made specific factual findings on dischargeability that are discernable from the Trial Court's record; and (2) that Future World present these factual findings to this Court. *See* Opposition at pp. 3-5 (citing *In re Graff*, 475 B.R. 770 (Bankr. E.D. Tex., 2012); *In re Ramon*, 433 B.R. 571 (N.D. Tex. Bankr. 2010); *In re King*, 103 F.3d 17 (5th Cir. 1997)). Based on this standard, Schnell argues that collateral estoppel should not apply because the Trial Court did not conduct a hearing or trial and that, therefore, there is insufficient evidence in the record to show that Future World met its burden of proof. *See id.* Schnell's argument fails for several reasons.

First, Schnell cites the wrong standard for application of collateral estoppel. In all of the cases Schnell cites, courts were applying state court law, not federal law, to the issue of collateral estoppel. However, federal courts apply a federal standard for determining whether a prior federal court judgment (as opposed to a prior state court judgment) has preclusive effect. *See In re Blake*, 516 B.R. 352, 357 (5th Cir. 2014). The federal standard requires "(1) that the issue at stake be identical to one involved in the prior litigation; (2) that the issue have been actually

3

litigated in the prior litigation; and (3) that the determination of the issue in the prior litigation was a critical and necessary part of the judgment in that earlier action." *Id.* This aspect of Schnell's argument falls squarely within the second prong of the federal collateral estoppel test.[4] Schnell does not challenge the third prong of this test.[5] To the extent that Schnell addressed the first prong of this test, Future World addressed the issue in the first section of this Reply above.

Elaborating on the second prong of the federal collateral estoppel test, the Fifth Circuit notes that the appropriate standard to find whether an issue as "actually litigated" is "whether the District Court record supports a finding by this Court that the issue was fully and fairly litigated in the District Court." *Id.* at 359. The issue is not whether the Trial Court made specific findings that Future World has presented to the Court, but rather, whether the Trial Court's record shows that the issues were actually before the Court. *See, e.g., In re Davis*, 168 B.R. 189, 192 (Bankr. W.D. Ark. 1994) (applying state law and noting that the term "actually litigated" has been misinterpreted and that "'actually' does not mean that the debtor was actually present and litigating, but rather, indicates that the matter was directly placed in issue") (multiple citations omitted); *Cudmore v. Howell*, 232 B.R. 335, 340 (E.D.N.C. 1999) (applying state law but excepting debt from discharge because debtor had "the *opportunity* to fully and fairly litigate the claim which resulted in a default judgment" where trial court struck debtor's answer as a sanction and then entered default) (emphasis original); *In re Innovative Med. Care, Inc.*, 372 B.R. 566, 571 (Bankr. D. Conn. 2007) (Debtor's "admission that he was aware of [litigation] negates any claim that [debtor and debtor's corporation] did not have a full and fair *opportunity*

---

[4] Collateral estoppel applies under either standard. However, Future World presents below additional arguments and evidence regarding specific factual findings made by the Trial Court. Even if the Court applies the the state court judgment standard, and even if the Court finds that the Trial Court's judgments were "conclusory . . . the court may also examine the evidence produced in the [underlying] state court proceedings to support the judgment and determine whether the record of the [underlying] state proceedings is sufficient to discern the subsidiary facts supporting the judgment." *In re Graff*, 475 B.R. 770, 776 (Bankr. E.D. Tex. 2012).
[5] Schnell does not challenge that determination of his willful copyright infringement was a critical and necessary

4

to litigate []. To rule otherwise would allow any litigant to avoid the consequences of a judicial proceeding by simply declining to participate for alleged financial reasons. The doctrine of collateral estoppel [under state law] only requires that the defendants have the *opportunity* to litigate.") (emphasis added).

Second, Schnell suggests that the Trial Court held no hearings. This is not true. The Trial Court held a hearing at which Schnell did not appear, even after the Trial Court ordered him to do so. *See* Order Setting Hearing, Exhibit R-3 (requiring Schnell to attend); Minute Entry, Exhibit R-4 (documenting Schnell's failure to appear at the hearing); Exhibit List, Exhibit R-5 (documenting Plaintiff's entry into the record, at the hearing Schnell did not attend, of Requests for Admission (which Schnell failed to answer), a damages chart, redacted billing records, a letter to Schnell's former counsel, and documents summarizing infringing acts under Schnell's control); and Show Cause Order, Exhibit R-6 (ordering Schnell to show cause why he failed to obey the Court's order and warning Schnell of the later-entered default sanction). Certainly, this Court should not reward Schnell, and fault Future World, for his recalcitrant behavior.

Furthermore, the present facts are highly analogous to those before the *Blake* court. In *Blake*, the "Defendant had notice of all hearings and filings up to the District Court Judgment, and actually participated in the District Court Case for some time." *Blake*, 516 B.R. at 359. Although the *Blake* court "declined to hold a hearing, the District Court Judgment was based on an evidentiary record." *Id.* Just as in *Blake*, Schnell participated in the litigation, for a time, and had notice of all of the hearings and filings, either through counsel or through Future World's service of documents upon Schnell. *See, e.g.*, Show Cause Order, Exhibit R-6 (acknowledging Schnell's notice); *see also* Exhibits R-1 and R-2 (containing certificates of service on Schnell).

---

party of the Trial Court's judgment against him.

5

Also as in *Blake*, Future World presented evidence to Trial Court that the Trial Court acknowledged. *See* MSJ Exhibit A-1 at p.1 ("Plaintiff provided the Court with exhibits to substantiate its requested relief"); MSJ Exhibit A-3 at p.1 n.1 ("The facts are derived from the Plaintiff's Complaint (doc. 1), Motion for Summary Judgment (doc. 47), and Motion for Default Judgment (doc. 48) and accompanying Appendix (doc. 48-3).").

Third, the three cases Schnell cites are easily distinguished from the present case. Schnell cites *Ramon* for the argument that Future World has not presented enough of the Trial Court's record. In *Ramon*, the only evidence before the Bankruptcy Court was that a prior judgment was "based on testimony adduced in open court." *Ramon*, 433 B.R. at 584. By contrast, Future World has presented three judgments to this Court that make specific factual findings. Furthermore, although not necessary for the purposes of collateral estoppel,[6] Future World now presents additional elements from the Trial Court's record to the Court. *See* Brief in Support of Motion for Partial Summary Judgment, Exhibit R-1 (presenting evidence about Schnell's control of Over Drive, his knowledge of infringement, and discussing discovery responses identifying Schnell as the only person at Over Drive with knowledge of infringement); Plaintiff's Brief Supporting Motion for Default Judgment, Exhibit R-2 (presenting evidence of infringement, discussing Schnell's refusal to settle the matter, Schnell's delay tactics, and Schnell's failure to participate in discovery).

Likewise, in *King*, the bankruptcy court refused to apply issue preclusion to bar a judgment creditor from asserting fraud, where the trial court had, "for reasons only known to the state court judge," overturned a jury verdict finding fraud. *King*, 103 F.3d at 19-20. Thus, *King* is also distinguishable, as the Trial Court's reasoned orders and judgments here make clear the basis for her findings and conclusions.

The third case Schnell cites, *Graff*, applied issue preclusion to preclude re-litigation of elements of the plaintiff's dischargeability claims, but denied summary judgment, *inter alia*, on the grounds that the jury, in deciding the debtor's liability for Texas tortious interference, was only asked to determine whether the debtor's acts "proximately" caused the plaintiff's injuries. This made the record insufficient to support a finding that the injuries were substantially certain to occur. *Graff*, 475 B.R. at 778-80 (noting that one of the elements of Texas tortious interference is proximate cause of injury). In other words, to find the debtor liable for tortious interference, the jury only had to find that the debtor proximately caused defendant's injuries. Thus, the *Graff* court did not excuse the debt from discharge on summary judgment. However, *Graff* is distinguishable, because the Trial Court found enough facts, not only to find Schnell liable for willful copyright infringement, but also to find that his actions constituted willful and malicious injury under the Fifth Circuit's *Miller* test as described in the MSJ and above. *See* MSJ (citing *Am. Registry of Radiologic Technologists v. Bennett*, 2013 WL 4520533, at *15 (W.D. Tex. Aug. 26, 2013)); *see also In re Horne*, 2012 WL 3023968, at *8 (Bankr. E.D. Tex. Apr. 11, 2012) (intentional copyright infringement is a "categorically harmful activity" and that "it is impossible to separate the conduct . . . from the injury").

Finally, this is not a situation where Schnell immediately defaulted after failing to answer a complaint. Rather, the default judgments against Schnell and Over Drive came after his answering the lawsuit, failing to participate in settlement discussions and discovery, and after refusing to obey the Trial Court's orders. The Trial Court recognized Schnell's "total disregard for the Court—even in the face of extreme sanction"—and that Schnell's actions in the Trial Court rose to the level of "outright defiance." Judgment, MSJ Exhibit A-2, at pp. 5-6. Further,

---

[6] "[I]t is not necessary for litigants to present the prior court's entire trial record." *Ramon*, 433 B.R. at 584.

the Trial Court noted that the "utter lack of cooperation in this litigation . . . underscores the need to compensate [Future World]." Damages Award, MSJ Exhibit A-1, at p.3.

The Trial Court issued its default judgments against Schnell and Over Drive as a sanction for dilatory conduct and abuse of the judicial process. Thus, collateral estoppel is appropriate in such circumstances. *See, e.g., Insituform Technologies, LLC v. Cosmic TopHat, LLC*, 959 F. Supp. 2d 1335, 1342 (N.D. Ga. 2013) (applying collateral estoppel to prior federal court default judgment, noting that "abuse of judicial process must not be rewarded"); *Matter of Gober*, 100 F.3d 1195 (5th Cir. 1996) (applying collateral estoppel under Texas law where debtor had repeatedly impeded course of proceedings by refusing to comply with discovery and by defying court orders). Simply put, collateral estoppel is appropriate, and the Court should not now reward Schnell for his *years* of refusing to engage in settlement, discovery (including, without limitation, post-judgment discovery[7]), and generally in the litigation.

3. **Future World appropriately relies on judgments against Over Drive Marketing, LLC.**

Without citing any supporting case law, Schnell argues (1) that the Trial Court applied different standards of willfulness as to Schnell and Over Drive and (2) that the judgment against Over Drive Marketing, LLC ("Over Drive") should not apply in any way whatsoever to Schnell. Both of these arguments fail.

The Trial Court only applied one standard for finding willful copyright infringement—the Fifth Circuit's standard (discussed above). In its final judgment against Schnell, the Trial Court did not discuss willful infringement, because its prior judgment finding willful

---

[7] *See* Order Setting Response Deadline and Hearing, attached as Exhibit R-7 (ordering Schnell appear at a hearing, bringing responsive documents with him to the hearing and warning Schnell of sanctions); Minute Entry, attached as Exhibit R-8 (documenting Schnell's failure to attend the hearing); and Order Granting in Part Motion to Compel, attached as Exhibit R-9 (noting Schnell's failure to attend a deposition, failure to appear at a court-ordered hearing, and noting Schnell's history of failure to comply with the court).

8

infringement had already been made of record. All that remained, as the Trial Court recognized, was to determine whether Schnell was liable for such willful infringement. *See* MSJ Exhibit A-2, at p.6 ("[T]he only question is whether Schnell should be held accountable for this infringement as well.").

In finding Schnell so liable, as requested by Future World in its Motion for Partial Summary Judgment as to Liability of Bart Schnell, Exhibit R-1, the Trial Court considered *both* the standard for finding Schnell directly liable as a joint tortfeasor along with Over Drive *and* the standard for finding Schnell vicariously liable for Over Drive's infringement.

The Trial Court correctly noted that "[a] corporate officer will be liable as a *joint tortfeasor* with the corporation in a copyright infringement case where the officer has the dominant influence in the corporation, and determined the policies which resulted in the infringement." MSJ Exhibit A-2 at 7 (citing *Crabshaw Music v. K-Bob's of El Paso, Inc.*, 744 F. Supp. 763, 767 (W.D. Tex. 1990)) (emphasis added); *see also Home Builders Asso'n of N.W. Louisiana v. Martin*, 09-CV-1679, 2010 WL 5109987, at *2 (W.D. La. Dec. 8, 2010) ("Since copyright is a strict liability tort, there is no corporate veil: all individuals who participate in the infringement are jointly and severally liable with others, including the company, for the damages caused to the plaintiff.") (citing 6 Patry on Copyright § 21:81).

The Trial Court went on to make a finding of fact that Schnell was the "sole member, manager, president, and director of Over Drive," that "Schnell knew of and controlled Over Drive's creation, copying, distribution, and use of the Infringing Work," and that "Schnell had the authority and influence within the corporation to expose himself to liability for Over Drive's act of infringement." On these grounds, the Trial Court found Schnell *jointly and severally* liable for willful copyright infringement. Although the distinction between liability as a joint tortfeasor

9

and vicarious liability does not matter for the purposes of discharge, the Trial Court found Schnell liable under both standards or, at the very least, there is supporting evidence to show that the Trial Court found Schnell directly liable as a joint tortfeasor.

4. **Conclusion**

In brief summary, the record of the Trial Court is clear. Schnell and Over Drive willfully infringed Future World's copyrights, and Future World obtained a final judgment holding Schnell liable for that infringement. As part of that final judgment, the Trial Court necessarily ruled that Schnell knew that what he was doing constituted an infringement. Furthermore, issue preclusion now serves to bar Schnell from litigating otherwise. The only logical conclusion to draw from these facts is that Schnell's debt to Future World should be excepted from discharge. This Court should enter a judgment recognizing this fact.

Respectfully submitted,

/s/Charles R. Penot, Jr.
Charles R. Penot, Jr.
Texas State Bar No. 24062455
The Law Offices of Charles Penot, a PLLC
3131 McKinney Avenue, Suite 600
Dallas, Texas 75204
Telephone: 214-643-6184
Facsimile: 214-865-6467
cpenot@penotlaw.com
*Attorney for Future World Electronics, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2015, I electronically field the foregoing with the Clerk of Court by using the CM/ECF system of the Eastern District of Texas Bankruptcy court, which will send notice of electronic filing to all counsel of record in the above-captioned adversary proceeding by operation of the Court's electronic filing system.

/s/Charles R. Penot, Jr.
Charles R. Penot, Jr.

4818-7977-5268, v. 4